**In re VALLEY MEDIA, INC., Debtor.**

**Valley Media, Inc., Plaintiff,**

v.

**Toys R Us, Inc., Defendant.**

**Bankruptcy No. 01–11353 PJW.
Adversary No. 02–3203.**

United States Bankruptcy Court,
D. Delaware.

Jan. 21, 2003.

Rachel B. Mersky, Walsh Monzack and Monaco, P.A., Wilmington, DE, Karen L. Gilman, Jaimie A. Rothman, Wolff & Samson, P.A., Roseland, NJ, for Toys R Us, Inc., Defendant.

Donna L. Culver, David J. Teklits, Donna L. Harris, Thomas W. Briggs, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Valley Media, Inc., Debtor and Debtor–in–Possession.

## MEMORANDUM OPINION

PETER J. WALSH, Chief Judge.

This opinion is with respect to Toys R Us, Inc.'s ("Defendant") motion (Doc. # 6) requesting that this Court abstain from hearing the adversary proceeding filed by Valley Media, Inc. ("Plaintiff"). Defendant

asserts that, pursuant to 28 U.S.C. § 1334, this Court lacks subject matter jurisdiction because this adversary proceeding focuses on a "non-core" state contract law claim. For the reasons set forth below, I will deny Defendant's motion to abstain.

## BACKGROUND

On November 20, 2001, Plaintiff filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code").[1] Plaintiff filed a complaint on May 2, 2002 and filed an amended complaint on May 15, 2002. According to Plaintiff, Defendant holds funds totaling $7,435,525.80, net of offsetting credits, which belong to Plaintiff. Plaintiff asserts that these payments are property of the estate and are subject to turnover pursuant to § 542. *See* Doc. # 3 at ¶ 9. In addition, Plaintiff contends that Defendant's failure to remit these payments has resulted in a breach of contract. *See id.* at ¶ 24. Finally, Plaintiff seeks to avoid, pursuant to § 547(b), and recover, pursuant to § 550(a)(1), certain property transfers made within the ninety-day preference period, totaling not less than $1,978,139.86. *See id.* at ¶¶ 37–45.

Defendant filed an answer containing affirmative defenses and a counterclaim. The motion requests that pursuant to 28 U.S.C. § 1334(c)(1), this Court abstain from hearing the adversary proceeding. By its counterclaim, Defendant seeks to setoff credit memos against any amounts owed to Plaintiff. *See* Doc. # 5 at 9, ¶¶ 6–8. Defendant has also counterclaimed for $2.2 million worth of products it alleges were never delivered by Plaintiff. *See id.* at 10, ¶¶ 11–14. Defendant contends that the present adversary proceeding "is nothing more than an attempt by [Plaintiff] to

collect pre-petition accounts receivable..." *See* Doc. # 6 at ¶ 12. Defendant alleges that this adversary proceeding is a non-core proceeding because Plaintiff's claims are governed by the laws of New Jersey and no interpretation of the Bankruptcy Code is required. *See* Doc. # 8 at 8. Defendant asserts the right to have this case decided by a jury and Defendant does not consent to a jury trial in the bankruptcy court. *See* Doc. # 6 at ¶ 14. Defendant contends that this situation strips this Court of jurisdiction over the adversary proceeding and requires me to abstain in favor of a state court proceeding.

## DISCUSSION

 Bankruptcy judges, pursuant to 28 U.S.C. § 1334(c)(1), may abstain from a case arising under, or related to, the Bankruptcy Code in certain circumstances. "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). This Court has previously considered the following factors when determining whether discretionary abstention is appropriate:

(1) The effect or lack thereof on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness of the proceeding to the

---

1. 11 U.S.C. §§ 101 et. seq. is hereinafter referred to as " § ___". All other titles of the United States Code will be cited as "___ U.S.C. § ___".

main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with the enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties.

*Sun Healthcare Group, Inc. v. Levin (In re Sun Healthcare Group, Inc.),* 267 B.R. 673, 678–79 (Bankr.D.Del.2000); *Cont'l Airlines, Inc. v. Allen (In re Cont'l Airlines, Inc.),* 156 B.R. 441, 443 (Bankr. D.Del.1993); *TTS, Inc. v. Stackfleth (Matter of Total Technical Servs., Inc.),* 142 B.R. 96, 100–01 (Bankr.D.Del.1992); *see also Asousa P'ship v. Pinnacle Foods, Inc.,* 276 B.R. 55, 75 (Bankr.E.D.Pa.2002).

■ Courts utilizing these factors have not developed a specific formula to address how many or which factors are required for discretionary abstention to be appropriate. I will briefly consider each factor.

*(1) The effect on the efficient administration of the estate*

Abstention from this adversary proceeding would detrimentally impact the efficient administration of Plaintiff's estate. First, I cannot abstain from this adversary proceeding in its entirety. Plaintiff alleges that certain preferential transfers were made to the Defendant during the ninety day preference period. Because the complaint has met the pleading standard for an avoidance action, abstention from the entire adversary proceeding would be inappropriate. A preferential transfer claim is a core proceeding subject to the exclu-

sive jurisdiction of the bankruptcy court. *See* 28 U.S.C. § 157(b)(2)(F).

Second, a state court proceeding was never filed, by either party, prior to Plaintiff's bankruptcy filing. My abstention would require Plaintiff to file a new complaint presumably in the New Jersey state courts. Plaintiff would then be responsible for additional court costs and attorneys fees resulting from this new filing. Abstention would likely cause delay in the resolution of the disputes between the parties.

Finally, Defendant contends that Plaintiff's claims of preferential transfers and unpaid balances are false. This assertion is premised on Defendant's conclusion that it has valid setoff rights against Plaintiff. I need not address the various conditions and tests associated with Defendant's claimed setoff rights. I simply note that state law set off rights are quite often addressed in the context of bankruptcy law causes of action in adversary proceedings. Consequently, this factor weighs against abstention.

*(2) The predominance of state law issues over bankruptcy issues.*

Based upon a strict numerical comparison, Plaintiff's state law breach of contract claim for over $7 million certainly dominates the approximately $2 million preferential transfer claim. However, avoidance of a preferential transfer is a "core" bankruptcy proceeding. *See* 28 U.S.C. § 157(b)(2)(F). Therefore, this factor does not favor either party.

*(3) Difficult or unsettled nature of the applicable state law.*

Neither party's briefing papers provided me with the applicable New Jersey statutory or case law regarding breach of contract and damages for a breach. Consequently, there is no basis for me to con-

clude that this dispute may involve a novel or difficult question of state law. This factor weighs against abstention.

### (4) Related proceeding commenced in state court

As previously noted, neither party filed an action in the New Jersey state court system, or any other state court system, prior to Plaintiff's voluntary petition. It is my opinion, therefore, that this factor does not support abstention.

### (5) Jurisdictional basis, if any, other than 28 U.S.C. § 1334.

I am unable to find any jurisdictional basis, outside of 28 U.S.C. § 1334, for keeping this proceeding in the bankruptcy court. Diversity jurisdiction under 28 U.S.C. § 1332 is inappropriate because both parties are incorporated in, and therefore citizens of, the State of Delaware. Because no jurisdictional basis exists other than 28 U.S.C. § 1334, this factor weighs in favor of abstention.

### (6) Degree of relatedness of the proceeding to the chapter case

The turnover claim and preference claim are obviously related to the chapter case. At issue in this proceeding is roughly $10 million. Defendant asserts the right to set-off credits and receive a reduction for undelivered goods. Plaintiff contends that any applicable credits have been deducted and that all goods have been delivered. The money at issue, if Plaintiff is successful, would flow to the estate and directly benefit creditors generally because this is a liquidation case. This factor, therefore, weighs against abstention.

### (7) Substance over form of an asserted "core" proceeding.

Plaintiff contends that its turnover claim is a "core" proceeding. Defendant dis-agrees and asserts that the turnover claim is nothing more than a state law breach of contract claim disguised in bankruptcy terms. *See* Doc. # 8 at 12 ("Here, despite the [Plaintiff's] attempt to style its complaint in bankruptcy buzz words, when stripped to its essence, the [Plaintiff's] complaint is simply an attempt to obtain money damages."). The Third Circuit has developed a two-prong test to determine whether a proceeding is really a "core" proceeding:

> First, a court must consult [28 U.S.C.] § 157(b). Although § 157(b) does not precisely define "core" proceedings, it nonetheless provides an illustrative list of proceedings that may be considered "core." Second, the court must apply this court's test for a "core" proceeding. Under that test, "a proceeding is core (1) if it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case."

*Halper v. Halper*, 164 F.3d 830, 836 (3d Cir.1999) (citations omitted).

Plaintiff's turnover claim does not satisfy the *Halper* test. Although turnover orders are considered "core" under 28 U.S.C. § 157(b)(2)(E), Plaintiff's contention does not meet the second *Halper* prong. The substance of the claim at issue in Plaintiff's turnover count is a pre-petition state law contract claim and could arise under any context, not just in bankruptcy. Because that claim is not a right exclusively conferred by the Bankruptcy Code, this factor favors abstention.

### (8) Feasibility of severing state law claims

The breach of contract cause of action could be severed from the other causes of action and dealt with separately in the state court. However, while it is feasible

to sever that state law claim, it is unadvisable as it would create judicial inefficiency.

### (9) The burden on the Court's docket

Based solely on this Court's heavy docket this factor favors abstention. However, Defendant has presented no facts regarding how long it would take to reach a trial in the state court. Equally important, if, as discussed below, Defendant is entitled to a jury trial, this adversary proceeding will be tried in the District Court.

### (10) The likelihood of forum shopping by one of the parties.

 As long as venue is proper, a debtor's choice of forum is generally entitled to great weight. *See In re Del. & Hudson Ry. Co.*, 96 B.R. 467, 467 (Bankr.D.Del. 1988). By reason of 28 U.S.C. § 1409(a) venue for this adversary proceeding is properly here. Defendant has not submitted any evidence or provided a persuasive argument that would lead me to the conclusion that Plaintiff is forum shopping. Without some showing that Plaintiff is, in fact, seeking a better result by shopping around, this factor does not support abstention.

### (11) The existence of a right to a jury trial

Defendant asserts that it is entitled to, and it has requested, a jury trial to determine whether the contested transfers were preferential and avoidable. This Court has no authority to conduct a jury trial. Assuming that Defendant is entitled to a jury trial, it can obtain appropriate relief by filing a motion to withdraw the reference pursuant to 28 U.S.C. § 157(d). This proceeding may end up in the District Court. Thus, I conclude that this factor is neutral with regard to abstention.

### (12) The presence in the proceeding of nondebtor parties.

Toys R Us, Inc. is the only nondebtor party. This factor has a neutral effect on the decision.

### CONCLUSION

Based on the above analysis, I find that on balance the factors weigh against granting Defendant's motion to abstain. From these findings, I conclude that discretionary abstention from this adversary proceeding, pursuant to 28 U.S.C. § 1334(c)(1), is inappropriate.