In re LAROCHE INDUSTRIES, INC., Debtor.

LaRoche Industries, Inc., Plaintiff,

v.

Orica Nitrogen LLC, Defendant.

Bankruptcy No. 00–1859.
Adversary No. 03–59023.

United States Bankruptcy Court, D. Delaware.

July 15, 2004.

Curtis J. Crowther, Esquire, Young, Conaway, Stargatt & Taylor LLP, Wilmington, DE, Edward J. Kosmowski, Esquire, Young, Conaway, Stargatt & Taylor LLP, Wilmington, DE, Joel A. Waite, Esquire, Young, Conaway, Stargatt & Taylor LLP, Wilmington, DE, for plaintiff.

Jeffrey C. Wisler, Esquire, Connolly, Bove, Lodge & Hutz LLP, Wilmington, DE, Marc Jeffrey Phillips, Esquire, Con-

nolly, Bove, Lodge & Hutz LLP, Wilmington, DE, for defendant.

## OPINION [1]

MARY F. WALRATH, Chief Judge.

Before the Court is the Motion for Abstention filed by Orica Nitrogen LLC ("Orica"). After considering the arguments presented by both parties, we grant the Motion for the reasons set forth below.

## I. *FACTUAL BACKGROUND*

On May 3, 2000, LaRoche Industries, Inc. ("the Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On August 28, 2000, Orica entered into an Asset Purchase Agreement ("the Agreement") to purchase certain of the Debtor's assets constituting one of the Debtor's three lines of businesses, the ammonium nitrate business. (Debtor's Disclosure Statement for Second Amended Joint Plan of Reorganization at 22.)

The Agreement provided that Orica would acquire those assets free and clear of liabilities, including environmental liabilities. However, there was a question whether some of the assets were, at the time of closing, contaminated with hazardous materials. As a result, Orica withheld approximately $3.4 million of the total purchase price to offset these potential liabilities, in keeping with its asserted contractual right of setoff and indemnity. The sale was approved by Order dated August 31, 2000, and closed on November 1, 2000.

On August 23, 2001, the Debtor confirmed its Second Amended Joint Plan of Reorganization ("the Plan"), which became effective on September 28, 2001. Pursuant

to the Plan, all remaining assets were revested in the Debtor. Creditors received cash, notes, and stock in the Reorganized Debtor. (Disclosure Statement at 9–10.) The Reorganized Debtor intended, after confirmation, to sell its electrochemical business assets and concentrate its future operations on its industrial products and services business. (*Id.* at 11–12, 40–43.) After consummating the Plan, the Debtor's chapter 11 bankruptcy case was closed on December 9, 2002.

In September 2003, the Debtor filed a motion to reopen its bankruptcy case to pursue a claim in this Court against Orica for the withheld sums. After the motion was granted, the Debtor commenced this adversary proceeding against Orica. In response, on January 4, 2004, Orica filed a Motion for Abstention. On January 13, 2004, Orica filed an action in an Illinois state court regarding the same dispute.[2] The parties have fully briefed the Motion for Abstention, and it is ripe for decision.

## II. *DISCUSSION*

Orica asserts that grounds exist for mandatory and permissive abstention. The Debtor disputes this.

### A. *Mandatory Abstention*

■ There are six requirements for mandatory abstention pursuant to section 1334(c)(2) of title 28:

1. the motion to abstain must be timely;

2. the action must be based upon a state law claim or cause of action;

3. an action has been commenced in state court;

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

2. Orica's suit sought damages for breach of contract and breach of warranty and a declaratory judgment that it had a right of indemnification and setoff against the sums withheld.

4. the action can be timely adjudicated;

5. there is no independent basis for federal jurisdiction which would have permitted the action to have been commenced in federal court absent bankruptcy; and

6. the matter before the court must be non-core.

*See, e.g., Trans World Airlines, Inc. v. Icahn (In re Trans World Airlines, Inc.),* 278 B.R. 42, 50 (Bankr.D.Del.2002).

Orica argues that this adversary is not a core proceeding because it does not invoke a substantive right under the Bankruptcy Code and is not a proceeding that can only arise under the Code. *See, e.g., PSA, Inc. v. Inter–World Communications, Inc. (In re PSA, Inc.),* Adv. No. 02–5565, 2003 WL 22938894 at *2 (Bankr.D.Del. Dec.8, 2003); *In re Integrated Health Services, Inc.,* 291 B.R. 615, 618 (Bankr.D.Del.2003); *Halper v. Halper,* 164 F.3d 830, 836 (3d Cir.1999).

■ The Debtor responds that the Complaint does invoke a substantive right under the Bankruptcy Code because it seeks a turnover, under section 542, of the withheld sums which it asserts are property of the estate. It further argues that the sale was approved pursuant to section 363 of the Code and that the interpretation and enforcement of that order is a core matter.

We agree with the Debtor's analysis, as do the majority of courts addressing this issue. *See, e.g., Agri–Concrete Products, Inc. v. Fabcor, Inc. (In re Agri–Concrete Products, Inc.),* 153 B.R. 673 (Bankr. M.D.Pa.1993) (holding that post-petition breach of contract actions are core proceedings); *In re Geauga Trenching Corp.,* 110 B.R. 638, 645 (Bankr.E.D.N.Y.1990) (holding that trustee's post-petition contract claim is a core proceeding); *In re Jackson,* 90 B.R. 126 (Bankr.E.D.Pa.1988) (holding trustee's claim for breach of con-

tract against attorneys for post-petition conduct was a core proceeding); *In re Tidwell Industries, Inc.,* 87 B.R. 345 (Bankr.E.D.Pa.1988) ("actions based upon post-petition contracts are core and not related proceedings").

As the Debtor's claim constitutes a core proceeding, it does not meet the requirements for mandatory abstention. Therefore, we need not consider the other factors.

**B.  *Permissive Abstention***

■ Section 1334(c)(1) provides for abstention in the court's discretion. Courts have identified twelve factors relevant to discretionary abstention:

1. the effect or lack thereof on the efficient administration of the estate;

2. the extent to which state law issues predominate over bankruptcy issues;

3. the difficulty or unsettled nature of applicable state law;

4. the presence of a related proceeding commenced in state court or other non-bankruptcy court;

5. the jurisdictional basis, if any, other than section 1334;

6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. the substance rather than the form of an asserted "core" proceeding;

8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. the burden of the court's docket;

10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. the existence of a right to a jury trial; and

12. the presence of non-debtor parties.

*In re Republic Reader's Service, Inc.*, 81 B.R. 422, 429 (Bankr.S.D.Tex.1987). *See also, Integrated Health*, 291 B.R. at 619; *Valley Media, Inc. v. Toys R Us, Inc. (In re Valley Media, Inc.)*, 289 B.R. 27, 29 (Bankr.D.Del.2003); *In re Continental Airlines, Inc.*, 156 B.R. 441, 443 (Bankr. D.Del.1993); *TTS, Inc. v. Stackfleth (In re Total Technical Services, Inc.)*, 142 B.R. 96, 100–01 (Bankr.D.Del.1992).

■■ We address these elements in order. First, it is not clear that the suit against Orica will have any significant effect on the bankruptcy estate. The Debtor's bankruptcy case was closed over a year ago; the Plan has been confirmed and fully consummated. The action will, therefore, have no effect on creditors or their recovery in this case. The Debtor argues that this Court is the appropriate tribunal given its familiarity with the bankruptcy case. However, familiarity with a bankruptcy case is insufficient to "militate against abstention." *Integrated Health*, 291 B.R. at 620. Accordingly, this factor favors abstention.

Second, this case is essentially a contract dispute involving a former debtor and a non-debtor. No provision of the Bankruptcy Code is implicated. Since state law issues do predominate, this factor favors abstention.

Third, the state law issues involved here are straightforward breach of contract issues. They are not unsettled. "Abstention is best when novel or unsettled issues of state law are involved." *Id.* (citing *In re Williams*, 88 B.R. 187, 191 (Bankr.N.D.Ill. 1988)). As a result, this factor does not favor abstention.

■ Fourth, there is a pending action in an Illinois state court that deals with the same issues raised in the adversary proceeding. While this factor favors absten-

tion, we give it little weight. As noted below, the parties agreed to this Court's jurisdiction. Therefore, the fact that Orica ignored that agreement when it filed the suit in Illinois should not be counted in its favor.

Fifth, there is no independent basis for our jurisdiction over this matter. There is no federal question jurisdiction and no complete diversity between the parties. This factor favors abstention.

Sixth, the only relationship between this case and the bankruptcy case is that it involves a dispute over an agreement executed as part of the bankruptcy proceeding. This case, however, is not "inextricably intertwined with administration of the estate." *Integrated Health*, 291 B.R. at 621. In fact, there is no administration of the estate left to be done except for resolution of this adversary proceeding. Further, its successful prosecution will not result in an enhanced distribution for creditors in the bankruptcy case, because the Plan has been completed. Even if an enhanced recovery for creditors would result, "that does not mean it is so related to the main case as to warrant our retention of jurisdiction over it." *Id.* This factor favors abstention.

Seventh, the essence of this claim is a contract dispute, not a bankruptcy law dispute. While the Debtor argues that the case involves a request for turnover of property of the estate under section 542, it is really only seeking to collect a debt it alleges is due to it under the Agreement. No substantive issues of bankruptcy law are involved. This factor favors abstention.

Eighth, there is no issue raised about severing core from state law matters, because the only matter before the Court is core. This factor does not favor abstention.

Ninth, this Court is tremendously over-burdened. This action will unnecessarily add to that burden. This factor favors abstention.

Tenth, there is no forum shopping issue. Delaware was the situs for the Debtor's bankruptcy case and Orica is a Delaware corporation. The Debtor's decision to file this action here does not appear to be forum shopping; it is consistent with the parties' Agreement that this Court decide any disputes raised under that Agreement. This factor does not favor abstention.

Eleventh, Orica has asserted its right to a jury trial in Illinois state court. As this Court is not authorized to conduct jury trials, this factor favors abstention. Although the Debtor disputes Orica's right to a jury trial, we find it unnecessary to decide that issue since the other factors favoring abstention are overwhelming.

Twelfth, one party to this action is a former debtor and one party is a non-debtor. Merely having once been a debtor in a bankruptcy case is insufficient to require the bankruptcy court to continue to resolve all disputes involving that party. At some point the debtor has to leave the nest. This factor favors abstention.

"Evaluating the[se] twelve factors is not a mathematical formula." *Trans World Airlines, Inc. v. Karabu Corp.*, 196 B.R. 711, 715 (Bankr.D.Del.1996). However, the majority of the factors favors permissive abstention. Further, the factors favoring abstention are the more substantive ones (the action involves only state law issues and will have no effect on the administration of the Debtor's estate). Consequently, we will grant the motion to abstain.

### C. *Forum Selection Clause*

The Debtor argues that Orica waived its right to seek mandatory or permissive ab-stention by executing the Agreement and its forum selection clause. Article 13.11 of the Asset Purchase Agreement stated, under the heading "Dispute Resolution," that

the parties agree that any dispute between or among them arising out of or based upon this Agreement, the other Transaction Documents or the consummation of the transactions contemplated hereby shall be submitted to and resolved by the [Delaware] Bankruptcy Court.

The sale was approved by order dated August 31, 2000, which contained the following language:

this Court retains jurisdiction (i) to enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith; (ii) to compel delivery of the Assets in accordance with the terms of the Agreement, (iii) to compel delivery of the Purchase Price in accordance with the Agreement, (iv) to resolve any disputes, controversies or claims arising out of or relating to the Agreement, and (v) to interpret, implement and enforce the provisions of this Order.

Orica counters that the forum selection clause cannot be read in isolation and is not dispositive. It notes that Article 11.4 of the Agreement establishes the procedures for indemnification (which is the essence of what it seeks by withholding funds to pay for the environmental costs that the Debtor has agreed to indemnify). That section states that "the claim for indemnification and the amount to which the Indemnified Party shall be entitled shall be determined by... (ii) a final judgment or decree of any court of competent jurisdiction" or in an arbitration proceeding. Orica argues that this provision controls because it is more specific than the

general retention of jurisdiction section cited by the Debtor.

However, the Debtor's action in this case is not for indemnification. Thus, Orica's argument against waiver, founded on the indemnification provisions of the Agreement, is not persuasive. The effect of the forum selection clause must be assessed in evaluating the Debtor's argument that Orica waived its right to seek abstention.

■■■■ "The Third Circuit Court of Appeals has instructed that forum selection [clauses] are generally binding upon bankruptcy courts, just as they are binding upon other federal courts." *In re Almarc Corp.*, 94 B.R. 361, 366 (Bankr.E.D.Pa. 1988) (citing *In re Diaz Contracting, Inc.*, 817 F.2d 1047 (3d Cir.1987); *Coastal Steel v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190 (3d Cir.1983)). "Such a contractual provision will not be enforced only where it was procured by fraud or overreaching, where enforcement would violate a strong public policy of the forum, or where enforcement would so seriously inconvenience a party as to be unreasonable." *Almarc*, 94 B.R. at 366 (citing *Coastal Steel*, 709 F.2d at 202).

Notably, Orica does not assert that the forum selection clause is unenforceable. There is no evidence of fraud, no apparent public policy weighing against enforcing the clause, and no evidence of unreasonable inconvenience to the parties. Therefore, the forum selection clause is prima facie valid under the Third Circuit standard.

■■■■ Because the forum selection clause is valid, we must inquire if it prevents this Court from abstaining. The

Debtor notes that the Bankruptcy Court for the Southern District of New York has held that a similar clause functioned as a waiver of a party's right to *mandatory* abstention:

> Defendant's contention that this Court should abstain from hearing and determining this adversary proceeding under either subsection of 28 U.S.C. § 1334(c) is confounded by the corporate parties' agreement... "that all actions and proceedings relating to the interpretation, enforcement or breach of this agreement shall be litigated in the United States Bankruptcy Court for the Southern District of New York, White Plains Division." This provision constitutes a waiver by the corporate defendants of any right to mandatory abstention. There can be no doubt that subsection (2) can be waived by any party, since it is a matter of choice whether or not to file a timely motion.

*In re AHT Corp.*, 265 B.R. 379, 387 (Bankr.S.D.N.Y.2001) (footnote omitted). Accordingly, the Debtor argues that Orica waived its right to seek abstention by assenting to the Agreement and its forum selection clause.

However, Orica argues that the AHT case dealt only with *mandatory* abstention and there is no authority suggesting that Orica waived its right to obtain *permissive* abstention by assenting to the Agreement.

■■■■ Permissive abstention is governed by section 1334(c)(1) of title 28.[3] It permits permissive abstention at the Court's discretion. It does not require a motion and can be raised by a court sua sponte. Therefore, we conclude that although Orica waived its right to *seek* per-

---

**3.** Section 1334(c)(1) states: "[n]othing in this section prevents a [bankruptcy] court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

missive abstention, this waiver does not prevent the Court from granting such relief. For the reasons stated above, we will exercise our discretion under section 1334(c)(1) and abstain from hearing this action.

### D. Post-confirmation Jurisdiction

There is an additional reason we choose to abstain from considering this dispute. The Debtor asserts we have subject matter jurisdiction over this case. In its Reply, Orica disagrees.

The Third Circuit has recently addressed the jurisdiction of a bankruptcy court to hear an action commenced after confirmation of a plan of reorganization. *See, e.g., In re Resorts Int'l, Inc.*, 372 F.3d 154, 168 (3d Cir.2004) (holding that "the jurisdiction of the non-Article III bankruptcy courts is limited after confirmation of a plan").

■ Even if an agreement of the parties, the plan of reorganization, or the confirmation order provides that the bankruptcy court will retain jurisdiction over a matter, the bankruptcy court may nonetheless not have jurisdiction over the dispute. "Retention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction. But neither the bankruptcy court nor the parties can write their own jurisdictional ticket. Subject matter jurisdiction 'cannot be conferred by consent' of the parties." *Id.* at 161 (citing *Coffin v. Malvern Fed. Sav. Bank*, 90 F.3d 851, 854 (3d Cir.1996); *In re Continental Airlines, Inc.*, 236 B.R. 318, 323 (Bankr.D.Del.1999), *aff'd,* 2000 WL 1425751 (D.Del. Sept.12, 2000), *aff'd,* 279 F.3d 226 (3d Cir.2002)).

■ The fact that a proceeding is core is also insufficient to confer subject matter jurisdiction on a bankruptcy court post-confirmation. "[W]e need not resolve whether this is a 'core' proceeding for subject matter jurisdictional purposes because 'whether a particular proceeding is core represents a question wholly separate from that of subject-matter jurisdiction.'" *Resorts,* 372 F.3d, at 163 (quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 266 (3d Cir.1991)).

■ In *Resorts,* the Third Circuit articulated the standard to be applied in determining whether a bankruptcy court retained post-confirmation jurisdiction over a matter: "where there is a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement, retention of post-confirmation bankruptcy court jurisdiction is normally appropriate." *Resorts,* 372 F.3d, at 168–69.

■ Applying that standard here, we cannot conclude that we have jurisdiction. In this case, the Plan is fully consummated. Any recovery in this adversary will not affect the interpretation, implementation, consummation, execution, or administration of the Plan. The action in question was commenced over three years after the sale order was entered and two years after the Debtor's Plan was confirmed and became effective. The Plan had been substantially consummated and the case closed ten months before the Debtor sought to commence this case. Further, the Plan provides that all the property of the estate re-vested in the Reorganized Debtor and that creditors received cash, notes, or stock in the Reorganized Debtor. Therefore, any recovery on this suit will inure only indirectly (if at all) to the benefit of the creditors.

In *Resorts,* the Third Circuit concluded that the bankruptcy court did not have jurisdiction over a malpractice suit against

an accountant hired by the litigation trustee under the confirmed plan. "[T]his proceeding lacks a close nexus to the bankruptcy plan or proceeding and affects only matters collateral to the bankruptcy process. The resolution of these malpractice claims will not affect the estate; it will have only incidental effect on the reorganized debtor; it will not interfere with the implementation of the Reorganization Plan; though it will affect the former creditors as Litigation Trust beneficiaries, they no longer have a close nexus to bankruptcy plan or proceeding because they exchanged their creditor status to attain rights to the litigation claims." *Id.* at 169.

Although this case involves a contract executed by the Debtor pre-confirmation (as opposed to the post-confirmation retention agreement in *Resorts*), we find that the factors which the Third Circuit used in concluding that the court lacked jurisdiction are applicable here. The resolution of this lawsuit will not affect the estate or result in any additional recovery for creditors (who have now largely exchanged their creditor status for shareholder status). The suit will not interfere with the implementation of the Plan since it has been completely consummated.

Since there is a serious question whether we have jurisdiction to hear this suit, we will abstain from hearing it.

### III. *CONCLUSION*

The criteria for mandatory abstention cannot be met because this action constitutes a core proceeding. However, the majority of the criteria for permissive abstention are met. The forum selection clause does not prevent the Court from granting permissive abstention. Given the question whether we even have jurisdiction to consider this post-confirmation suit, we will exercise our discretion and grant the motion to abstain.

An appropriate Order is attached.

### ORDER

AND NOW this 15th day of July, 2004, upon consideration of the Motion for Abstention filed by Orica Nitrogen LLC and the Debtor's opposition thereto, and for the reasons stated in the accompanying Opinion, it is hereby

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that the above-captioned adversary case shall be **CLOSED**; and it is further

**ORDERED** that the bankruptcy case shall be **CLOSED**.