**In re TANDYCRAFTS, INC., TAC Holdings, Inc., Tandyarts, Inc., Debtors.**

**Mitchell Klingher, as Liquidating Trustee of the estates of Tandycrafts, Inc., TAC Holdings, Inc., and Tandyarts, Inc., Plaintiffs,**

**v.**

**Salci, Defendant.**

**Bankruptcy Nos. 01–1764 MFW, 01–1766 MFW, 01–1767 MFW.**
**Adversary No. 03–53307 MFW.**

United States Bankruptcy Court, D. Delaware.

Nov. 29, 2004.

288

---

Mark E. Felger, Philadelphia, PA, for debtors.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the motion of the Defendant to dismiss for lack of personal jurisdiction the complaint to avoid a preferential transfer filed by the Liquidating Trustee. The Trustee opposes the motion. For the reasons set forth above, the Court will deny the Defendant's Motion.

## I. BACKGROUND

On March 15, 2001, Tandycrafts, Inc., Tandyarts, Inc., and TAC Holdings, Inc. (collectively "the Debtors") filed petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors were manufacturers of household decorating products, such as bulletin boards and mirrors. The Defendant is a Mexican corporation which provides trucking services from Mexico to cities in the United States. The Defendant maintains a post office box in Texas to receive payments for these services. The Debtors used the Defendant's commercial trucking services to transport goods between the Debtors' Mexican facility and the Debtors' distribution center in Texas.

The Committee of Unsecured Creditors of the Debtors filed a suit against Salci ("the Defendant") on May 15, 2003, to recover an allegedly preferential transfer of $63,850. The Liquidating Trustee was substituted as Plaintiff when the Debtors' Liquidating Plan was confirmed. The Defendant was served with the Complaint and Summons by first class mail, return receipt requested, addressed to its post office box in Texas. The Liquidating Trustee received confirmation that service was complete.

On August 22, 2003, the Defendant filed its Motion to dismiss alleging lack of personal jurisdiction. On November 13, 2003, the Liquidating Trustee filed a response to the Motion. Briefing was complete on October 19, 2004. This matter is ripe for decision.

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

## II. *JURISDICTION*

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

## III. *DISCUSSION*

■ When faced with a challenge to its jurisdiction, a federal court's analysis must begin with whether the procedural requirement of service of process has been satisfied. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). Without consent to the choice of forum, as is the case here, the court must find some authority for the manner by which the summons was served on the defendant. *Id.* Here, service on the Defendant comported with Rule 7004(d) of the Federal Rules of Bankruptcy Procedure, which allows nationwide service of process by first class mail. Fed. R. Bankr.P. 7004(d).

■ The court must also determine, however, whether the exercise of its jurisdiction fits within the constitutional requirements of due process. Rule 7004(d) is a federal, rather than a state, long-arm statute. Thus, the due process analysis to be used is different from that used with a state long-arm statute. While both analyses determine whether the defendant has "minimum contacts," the question posed by a federal long-arm statute is whether the defendant has "minimum contacts with the United States, rather than with a particular state." *Anheuser–Busch, Inc. v. Paques (In re Paques)*, 277 B.R. 615, 628 (Bankr.E.D.Pa.2000)(citing *BP Chemicals Ltd. v. Formosa Chemical & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir.2000)).

The Defendant argues that it lacks contacts with Delaware. The Liquidating Trustee responds that the Defendant's contacts with the United States are sufficient for this Court to exercise jurisdiction.

■ We agree with the Liquidating Trustee. Where service is made under Rule 7004(d), the defendant "need only have minimum contacts with the United States to satisfy Fifth Amendment due process." *Brown v. C.D. Smith Drug Co.*, 1999 WL 709992 at *3, 1999 U.S. Dist. LEXIS 13872 at *10 (D.Del.1999). The issue is whether the court may exercise jurisdiction, not whether it is fair to litigate in a particular forum. *Id.* (citations omitted).

■ A bankruptcy case is different from a typical civil suit. A bankruptcy case usually does not affect only the sovereignty of a particular state; it has effects throughout the United States as a whole. *Continental Ill. Nat. Bank & Trust Co. of Chicago v. Chicago, R.I. & P. Ry. Co.*, 294 U.S. 648, 683, 55 S.Ct. 595, 79 L.Ed. 1110 (1935). *See also Brown,* 1999 WL 709992 at *5, 1999 U.S. Dist. LEXIS 13872 at *18. So long as a defendant has minimum contacts with the United States, therefore, due process permits service on it. *Id.* Where a defendant has "purposefully directed his activities at the residents of the forum and the litigation results from alleged injuries that arise out of or are related to those activities," minimum contacts will be found. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citations omitted).

In this case, the Defendant was a cross-border trucker and provided services to a company in the United States. These activities create sufficient contacts with the United States to allow this court to exercise jurisdiction over the Defendant. Thus, the Defendant's Motion must be denied.

## IV. *Conclusion*

For the reasons set forth above, we will deny the Motion to Dismiss. An appropriate order is attached.

## ORDER

AND NOW this **29th** day of **November, 2004,** upon consideration of the Motion of the Defendant to Dismiss and the Liquidating Trustee's Response thereto and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion to Dismiss is **DENIED.**