In Re: FINOVA CAPITAL CORPORATION, Reorganized Debtor.

Finova Capital Corporation, Plaintiff,

v.

Marc P. Cote and Eugina C. Cote D/B/A Chester Drug Store and Marc P. Cote, Defendants.

Bankruptcy No. 01–00698 (PJW). Adversary No. 06–50823.

United States Bankruptcy Court, D. Delaware.

Dec. 11, 2006.

Mark D. Collins, Michael J. Merchant, Richards, Layton & Finger, P.A., Wilmington, DE, Byron L. Saintsing, Smith Debnam Narron Wyche, Saintsing & Myers, L.L.P., Raleigh, NC, Karen McKinley, Michael Joseph Merchant, Richards Layton & Finger, P.A., Wilmington, DE, for Finova Capital Corporation.

Lisa Chalidze, Benson, VT, for Marc P. Cote And Eugina C. Cote D/B/A Chester Drug Store and Marc P. Cote.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This opinion is with respect to defendants Marc P. Cote and Eugina C. Cote's (the "Defendants") motion (Adv.Doc. # 5) for abstention and to dismiss the complaint of plaintiff FINOVA Capital Corporation (the "Plaintiff"). The Plaintiff, a reorganized debtor who filed for bankruptcy in this Court on March 7, 2001, brings this adversary proceeding against the Defendants, residents of Windsor, Vermont and owners of Chester Drug Store ("Chester"), for breach of a lease agreement and a guaranty. For the reasons set forth below, the Defendants motion will be denied.

## BACKGROUND

In 1994 the Defendants entered into an agreement for the lease of an Interactive Kiosk System, a piece of office equipment marketed by Recomm International Display, Ltd. ("Recomm") used to provide travel information and other services to retail customers. (Compl.¶¶ 6–7). The lease was financed by TriCon Capital Corporation ("TriCon") and the Plaintiff later became a party to the agreement as Tricon's successor. (Adv.Doc. # 8, p. 4). Defendant Marc P. Cote personally guaranteed payment under the terms of the lease. (Compl.Ex. I). In January 1996, Recomm and several of its affiliates filed for chapter 11 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida. (*Id.* at ¶ 8). The Florida Court approved a plan of reorganization ("Recomm Plan") on May 13, 1998, which modified the terms of all of Recomm's equipment leases by discounting the amounts due to the Plaintiff from substantially all of the lessees and guarantors, including the Defendants, and by requiring the Plaintiff to offer various payment plan options to the lessees. (*Id.* at ¶¶ 13–14). The Recomm Plan also decreed that the modified leases were valid and binding as between the Plaintiff and the lessees and guarantors, including the Defendants. (*Id.*).

Pursuant to the Recomm Plan, the Plaintiff sent the Defendants a letter advising them of the modifications to the lease and presenting them with several payment options for the remaining amount due under the lease. (*Id.* Ex. J). The Defendants failed to respond to the letter to pick a payment option, and therefore, pursuant to the Recomm Plan, they were deemed to have chosen a default option that obligated them to make 82 consecutive monthly payments of $409.50 and one payment of $92.61. (*Id.* at ¶ 23). The Plaintiff claims that the Defendants breached the modified lease by failing to make timely payments. (*Id.* at ¶ 25). After defendant Chester defaulted on pay-

ments, the Plaintiff sent defendant Marc P. Cote a notice of default and demanded that he pay the past-due amount as the guarantor no later than June 4, 1999. (*Id.* at ¶ 32). The Plaintiff claims that Mr. Cote also failed to comply with its demands for payment. (*Id.*). As a result the Plaintiff claims that, pursuant to paragraph 15 of the lease, the Defendants are obligated to pay all sums due (a present value of $36,470.17) plus a 10% late charge, attorneys' fees and interest at the rate of 18% per annum from May 25, 1999. (*Id.* at ¶ 27). According to the Plaintiff, the total obligation owed by the Defendants is $92,000. (Adv.Doc. # 8, p. 8).

On or about March 19, 2004, the Plaintiff commenced an action against the Defendants in the Superior Court of Windsor County, Vermont ("Superior Court") alleging breach of contract. (Compl.¶ 20). Upon the Plaintiff's filing of a motion for summary judgment, to which the Defendants filed no response, the Superior Court issued a judgment for the Plaintiff on March 8, 2005. (*Id.* Ex. F). However, on the Defendants' subsequent motion to dismiss for lack of subject matter jurisdiction, the Superior Court vacated its previous decision and dismissed the action for lack of subject matter jurisdiction. (*Id.* Ex. G). The Superior Court made this decision after examining the Plaintiff's plan of reorganization confirmed by this Court (the "Plan"), which stated that this Court "retains exclusive jurisdiction in the bankruptcy court for 'all matters arising out of', and related to, the Chapter 11 Cases and the Plan." (*Id.* at p. 6). The Superior Court found that the Plaintiff's claims were at least related to the Plaintiff's chapter 11 case and concluded that it "lacks jurisdiction (and has lacked jurisdiction) to issue any orders in this case." (*Id.*). Accordingly, the Superior Court vacated its previous decision granting sum-

mary judgment to the Plaintiff and dismissed the complaint. (*Id.*).

On July 6, 2006, the Plaintiff filed a motion in this Court seeking an order clarifying that the Plan, and the confirmation order this Court issued to give effect to the Plan, does not preclude the Superior Court from exercising subject matter jurisdiction over the Plaintiff's cause of action against the Defendants. (Doc. # 132). On August 17, 2006, this Court denied the Plaintiff's motion, ruling that it did not have the authority to overturn the Superior Court's ruling. (Doc. 148). The Plaintiff filed the instant adversary proceeding on September 12, 2006. On October 10, 2006, the Defendants filed, in the Superior Court, a claim against the Plaintiff for malicious prosecution. (Adv. Doc. # 11 Att. 2).

## DISCUSSION

The Defendants argue that the Court should abstain from hearing the action at hand, or in the alternative, that the Court should dismiss the complaint for lack of personal jurisdiction.

## I. Judicial Estoppel

The Plaintiff argues that the Court need not abstain under the mandatory abstention provisions of 28 U.S.C. 1334(c)(2) or the permissive abstention provisions of 28 U.S.C. 1334(c)(1), and further that the Defendants should be estopped from arguing for abstention because this argument contradicts the position taken by the Defendants in the Vermont proceedings.

■ The doctrine of judicial estoppel is an equitable doctrine used by the courts to "preserve the integrity of the judicial system by preventing parties from playing fast and loose with the courts in assuming inconsistent positions, and with a recognition that each case must be decided upon its own particular facts and circum-

stances." *McNemar v. The Disney Store*, 91 F.3d 610, 617 (3d Cir.1996), *cert. denied*, 519 U.S. 1115, 117 S.Ct. 958, 136 L.Ed.2d 845 (1997). The Third Circuit has consistently held that

> where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

*Fleck v. KDI Sylvan Pools, Inc., et al.*, 981 F.2d 107, 121 (3d Cir.1992); *see also U.S. v. Union Corp.*, 259 F.Supp.2d 356, 391 (E.D.Pa.2003).

The Court finds that the case at hand is a textbook example that illustrates the need for the doctrine of judicial estoppel. The Defendants succeeded in getting the summary judgment vacated and the Plaintiff's claims dismissed in Vermont by arguing that this Court is the proper forum in which to hear these claims. Once the Plaintiff filed the adversary proceeding in this Court, the Defendants changed their tune, arguing that the claims should not be heard here.[1] If the Defendants have their way in this Court as they have in the Superior Court, the Plaintiff will be left without forum in which to bring its claims. Courts generally should not abstain from hearing a case or controversy where the plaintiff has no other forum in which to seek relief. *In re Cable & Wireless USA, Inc.*, 331 B.R. 568, 575 (Bankr. D.Del.2005) (" 'The Court holds that 28 U.S.C. § 1334(c)(1) does not allow permissive abstention with regard to § 505(a) relief if there is no alternative forum to decide the dispute and that § 505(a) does not permit a bankruptcy court to decline to exercise jurisdiction other than under § 1334(c)(1).' ") (quoting *In re Hospitality Ventures/Lavista*, 314 B.R. 843, 864 (Bankr.N.D.Ga.2004)).

## II. Abstention

The Defendants argue that the Court is obligated to abstain from hearing this case under 28 U.S.C. § 1334(c)(2), or, in the alternative, that the Court should abstain under the permissive abstention provisions of 28 U.S.C. § 1334(c)(1).

### A. Mandatory Abstention

Section 1334(c)(2) states,

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be

---

1. The Defendants' contradicting arguments do not stop there. The Defendants filed a memorandum in support of their motion for abstention with this Court on the same day (October 10, 2006) that they filed in the Superior Court a complaint against the Plaintiff for malicious prosecution. (Adv.Doc. # 7, p. 4). The malicious prosecution complaint contains the following allegation: "On or about August 10, 2001 the U.S. Bankruptcy Court for the District of Delaware confirmed DIP's plan of bankruptcy reorganization by order duly entered. As a part of such Order, the U.S. Bankruptcy Court for the District of Delaware retained exclusive subject-matter jurisdiction over lawsuits against Plaintiff herein until such time as the bankruptcy proceeding was closed." (Adv.Doc. # 11, Att.2, ¶ 12). The Plaintiff's chapter 11 bankruptcy case has not been closed. Thus, the Defendants argue in the motion before me that this Court should abstain and that it lacks personal jurisdiction, while simultaneously representing to the Superior Court that pursuant to the Plaintiff's Plan, this Court retained exclusive jurisdiction over lawsuits by the Plaintiff against the Defendants.

timely adjudicated, in a State forum of appropriate jurisdiction.

According to this provision, this Court must abstain if the following requirements are met: (1) the motion to abstain is timely; (2) the action is based upon a state law claim or cause of action; (3) the plaintiff has commenced the action in state court; (4) the state court is capable of timely adjudicating the action; (5) there is no independent basis for federal jurisdiction which would have permitted the action to be commenced in federal court absent the bankruptcy; and (6) the matter is non-core. *LaRoche Indus. v. Orica Nitrogen LLC (In re LaRoche Indus.),* 312 B.R. 249, 252–53 (Bankr.D.Del.2004).

All of the above requirements are met in this case with the possible exception of the third requirement.[2] It is unclear to the Court from the parties' filings whether or not an appeal is still being pursued in Vermont. The Plaintiff claims that the Defendants initially appealed the Superior Court's summary judgment order and then moved to stay the appeal on October 28, 2005. The Plaintiff claims that this appeal is now moot but still pending because the Defendants have not filed any motion to lift the stay of appeal. The Defendants claim that the Plaintiff previously agreed to the stay of appeal and now refuses to stipulate to lift the stay.

If an appeal goes forward in Vermont this Court may still be obliged to abstain under section 1334(c)(2). However, until such time as it is clear that the relevant issues of these claims are under consideration by an appellate court in Vermont, the Defendants should be estopped from requesting abstention, as this contradicts with arguments the Defendants made to the Superior Court.

## B. Permissive Abstention

■ Section 1334(c)(1) states:

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. .

■ As with mandatory abstention, courts generally do not permissively abstain from hearing a case unless there is a pending state action in favor of which the federal court should abstain. *In re Cable & Wireless USA, Inc.,* 331 B.R. at 575. As stated above in connection with mandatory abstention, this Court may consider permissive abstention in the future if it becomes clear that an appeal is going forward in Vermont. However, until such time, this Court will not countenance the Defendants' request for permissive abstention because it contradicts with arguments that the Defendants successfully made to the Superior Court.

## III. Personal Jurisdiction

■ The Defendants argue in the alternative that the Court should dismiss this matter for lack of an adequate showing of personal jurisdiction over them. Personal jurisdiction in bankruptcy court is outlined in Rule 7004(f) of the Federal Rules of Bankruptcy Procedure, which states:

---

**2.** The Plaintiff also claims that the fifth condition is not fulfilled. The Plaintiff claims that absent the Court's bankruptcy jurisdiction, the claim in this case could still be brought in federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). However, as the Defendants point out, the Plaintiff misquoted § 1332 as requiring that the amount in controversy exceed the sum or value of $75,000 *inclusive* of interest and costs. Section 1332(a) actually states that amount in controversy must "exceed[ ] the sum or value of $75,000, *exclusive* of interest and costs." (emphasis added). Not including the Plaintiff's claims for interest and costs, the amount in controversy in this case is only $36,470.17.

If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 of the Federal Rules of Civil Procedure made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

Rule 7004(f) contains three requirements that must be met in order for a court to find personal jurisdiction:

(1) service of process has been made in accordance with Bankruptcy Rule 7004 or Civil Rule 4; (2) the court has subject matter jurisdiction under section 1334 of the Code; and (3) exercise of jurisdiction is consistent with the Constitution and laws of the United States.

10 COLLIER ON BANKRUPTCY § 7004.07 (15th ed.2006) (citing *Tipton v. Adkins (In re Tipton)*, 257 B.R. 865, 870 (Bankr. E.D.Tenn.2000)). These three requirements have clearly been met in this case.

## A. Service of Process Was Made in Accordance With Bankruptcy Rule 7004 and Civil Rule 4

██ The Plaintiff clearly served the Defendants in accordance with Bankruptcy Rule 7004 and Civil Rule 4. Although Civil Rule 4(k)(1)(A) generally only allows courts to exercise personal jurisdiction where service of process is issued to someone "who could be subjected to the jurisdiction of a court of general jurisdiction in the state," 4(k)(1)(D) makes an exception where service is "authorized by a statute of the United States." Bankruptcy Rule 7004(d), which allows for national service of process in bankruptcy cases, is precisely the type of statute that is anticipated by Rule 4(k)(1)(D), and therefore service of

process anywhere in the United States is sufficient to warrant the exercise of personal jurisdiction over a party to a case where a bankruptcy court has subject matter jurisdiction. *AstroPower Liquidating Trust v. Xantrex Tech., Inc. (In re AstroPower Liquidating Trust)*, 335 B.R. 309, 317 (Bankr.D.Del.2005) (citing *Nordberg v. Granfinanciera, S.A. (In re Chase & Sanborn Corp.)*, 835 F.2d 1341, 1344 (11th Cir.1988), *rev'd on other grounds*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)). As the Defendants in this case do not contend that they were not served within the United States, this first requirement for the exercise of personal jurisdiction is fulfilled.

## B. This Court Has Subject Matter Jurisdiction Under Section 1334

██ This Court clearly has subject matter jurisdiction over this case under 28 U.S.C. § 1334 because this adversary proceeding is "related to" the Plaintiff's bankruptcy case. The Superior Court came to the same conclusion stating, "The court concludes that Finova's claim is at least 'related to' the Chapter 11 cases and the Reorganization Plan, and that the claim is based on an alleged unexpired lease." (Compl.Ex. G).

## C. Exercise of Jurisdiction Is Consistent With the Constitution and Laws of the United States

██ The Court finds that the exercise of jurisdiction in this case is clearly consistent with the Constitution. In order to comply with the constitutional requirements of due process, the defendant must have had at least minimum contacts within the forum. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Given that service of process occurred under a federal law that allows for national service of process, rather than a state long-arm statute, a showing of minimum contacts within the United States is

120

necessary rather than minimum contacts within the state of Delaware. *Klingher v. SALCI (In re Tandycrafts, Inc.)*, 317 B.R. 287, 289 (Bankr.D.Del.2004). In this case it is undisputed that the Defendants reside and conduct business in Vermont and therefore the exercise of personal jurisdiction is proper under the Constitution.

## CONCLUSION

For the reasons set forth above, the Defendants' motion to abstain or dismiss is denied.

## ORDER

For the reasons set forth in the Court's memorandum opinion of this date, the Defendants' motion (Adv.Doc. #5) for abstention and to dismiss the complaint of the plaintiff FINOVA Capital Corporation is **DENIED**.