■ Ronald Wollman, Appellant, v Jocar Realty Co., Inc., et al., Respondents. Louis J. Posner, Esq., Nonparty Appellant. [799 NYS2d 17]—

Appeal from order, Supreme Court, New York County (Charles Edward Ramos, J.), entered May 25, 2004, which, to the extent appealed from as limited by the briefs, granted defendants' pre-answer motion to dismiss the complaint and for sanctions in the form of attorneys' fees, deemed to be from judgment, same court and Justice, entered thereon on March 29, 2005, and so considered, said judgment unanimously affirmed, with costs.

Plaintiff's claims against Jocar Realty under the 1987 and 1992 notes were clearly superseded by his participation in Jocar's chapter 11 bankruptcy reorganization. Plaintiff's recourse was limited to the terms of the reorganization plan he had accepted.

Under the reorganization plan, the bankruptcy court retained jurisdiction, post confirmation, to "make such Orders as are not limited to but including those which are necessary or appropriate to carry out the provisions of the Plan." Where jurisdiction is expressly retained by the bankruptcy court, it should be construed as exclusive jurisdiction, even though not specifically denominated as such, so as not to render the provision a nullity (*United States v Alpine Land & Reservoir Co.*, 174 F3d 1007, 1013 [9th Cir 1999]). Accordingly, plaintiff's remedy against Jocar lies in bankruptcy court.

The claims against defendants for breach of the 1987 note are time-barred. Further, the 1993 note did not revive Chinnici's time-barred 1987 guaranty (*see Becker v Faber*, 280 NY 146 [1939]). The claims under the 1992 note accrued in 1992, and even if plaintiff were afforded the toll he asserts under the reorganization plan, his claim would be time-barred.

Plaintiff's remaining contentions are unavailing. Concur—Tom, J.P., Friedman, Gonzalez and Catterson, JJ.