CCM PATHFINDER POMPANO BAY, LLC, Plaintiff,

v.

COMPASS FINANCIAL PARTNERS LLC and Compass USA SPE LLC, Defendants.

CCM Pathfinder Pompano Bay, LLC, Plaintiff,

v.

Compass Financial Partners LLC and Compass USA SPE LLC, Defendants.

CCM Pathfinder Gramercy, LLC, Plaintiff,

v.

Compass Financial Partners LLC and Compass USA SPE LLC, Defendants.

Nos. 08 Civ. 5258(JSR), 08 Civ. 5297(JSR), 08 Civ. 5298(JSR).

United States District Court, S.D. New York.

Oct. 1, 2008.

Betty M. Shumener, Todd Barry Marcus, DLA Piper US LLP, New York City, for plaintiffs.

Scott Edelman, Daniel M. Perry, Milbank, Tweed, Hadley & McCloy, LLP, Los Angeles, CA, for defendants.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

In cross motions, plaintiffs CCM Pathfinder Pompano Bay, LLC and CCM Pathfinder Gramercy, LLC ("Pathfinder")

move to remand the above-captioned actions to state court, and defendants Compass Financial Partners LLC and Compass USA SPE LLC ("Compass") move to transfer these actions to the District of Nevada, where an action involving similar facts and claims is proceeding before the Honorable Robert C. Jones, U.S.D.J. For the reasons set forth below, the Court denies Pathfinder's motion to remand to state court, and grants Compass's motion to transfer.

By way of background, in April 2006, USA Commercial Mortgage Company ("Debtor"), a loan servicer, filed for Chapter 11 bankruptcy relief in the Bankruptcy Court for the District of Nevada (the "Nevada Bankruptcy Action"). Declaration of Gabriel Weaver in Support of Opposition to Plaintiff's Motion for Remand ("Weaver Remand Decl.") Ex. 7, ¶ 17; Declaration of Todd B. Marcus in Support of Plaintiffs' Motion for Remand ("Marcus Remand Decl.") Ex. G, at 1. Pursuant to an Asset Purchase Agreement and a Sale and Confirmation Order, Compass purchased certain of Debtor's assets, including Debtor's loan servicing rights under certain Loan Servicing Agreements. Declaration of Gabriel Weaver in Support of Motion for Order Transferring Venue of Removed Actions to United States District Court for the District of Nevada ("Weaver Venue Decl.") Ex. D; Ex. F ¶ 12. An order confirming Debtor's Chapter 11 Plan and approving the Asset Purchase Agreement was entered on January 8, 2007, and the sale closed on February 16, 2007. Marcus Remand Decl. Ex. B ¶ 2.

Pathfinder is a successor in interest to lenders who made three of the loans subject to the Loan Servicing Agreements. Marcus Remand Decl. Ex. A ¶ 11; Ex. C ¶ 13; Ex. E. ¶ 12. These Loan Servicing Agreements entitle Compass to various rights and fees, including, *inter alia*, de-

fault rate interest, accrued servicing fees, and late charges. *See, e.g.,* Weaver Venue Decl. Ex. E at 4. The Sale and Confirmation Order provides that no lender or replacement loan servicer has the right to "compromise, subordinate, or impair" these or any other rights or interests established by the Loan Servicing Agreements. *Id.* Ex. F ¶ 14.

On May 21, 2007, certain lenders filed suit in the District of Nevada alleging that Compass breached its contractual and fiduciary duties under the Loan Servicing Agreements. Weaver Venue Decl. Ex. I. Four days later, Compass commenced litigation in the Nevada Bankruptcy Court seeking to enjoin lenders from interfering with its rights under the Chapter 11 Plan, the Sale and Confirmation Order, the Asset Purchase Agreement, and the Loan Servicing Agreements, and the Bankruptcy Court issued an order enjoining lenders from further interference. Weaver Remand Decl. Exs. 8; 9. On August 6, 2007, the Nevada District Court withdrew the reference to the Bankruptcy Court with respect to all disputes between Compass and Lenders and assumed jurisdiction over the 52 loans for which Compass purchased the servicing rights, including the three loans that are the subject of the instant actions. Weaver Venue Decl. Ex. J at 62–63; Ex. K. The actions brought by lenders and Compass were then consolidated into one action, which is currently being litigated in the District of Nevada (the "Nevada Action"). On November 6, 2007, the Nevada District Court entered a broad injunction protecting Compass's servicing rights and providing detailed instructions concerning Compass's loan servicing. Weaver Venue Decl. Ex. L.

A settlement has been reached, but not yet approved, in the Nevada Action. Declaration of Daniel M. Perry Regarding Supplemental Reply in Support of Com-

pass's Motion for Order Transferring Venue to the United States District Court for the District of Nevada ("Perry Venue Decl.") Ex. B. The proposed settlement agreement contemplates the filing and settlement of a class action on behalf of a mandatory class of all direct lenders (including Pathfinder). *Id.* Ex. A at 118–20. At an August 11, 2008 preliminary hearing on the proposed settlement, Judge Jones indicated that separate litigation against Compass in other forums would undermine the purpose of the settlement and accordingly would not be permitted. *Id.* Ex. A at 139–41. Betty Shumener, counsel for Pathfinder, appeared at the hearing, and argued for the rejection of the settlement. *Id.* Ex. A at 105–15. Judge Jones is closely scrutinizing the proposed settlement for reasonableness and has requested a note-by-note analysis to assist with his evaluation of the settlement. *Id.* at 124–25.

The instant actions, originally filed in New York state court, relate to three of the 52 loans governed by the same or substantially similar Loan Servicing Agreements that are the subject of the Nevada Action. Marcus Remand Decl. Ex. B ¶ 4; Ex. D ¶ 4; Ex. F ¶ 4. The instant actions, like the Nevada Action, require interpretation of the various Loan Servicing Agreements and adjudication of Compass's rights and obligations under the Agreements. Specifically, both actions seek determination of whether Compass is obligated to pay principal and interest to lenders (including Pathfinder) before paying itself late charges and default interest. *Compare* Weaver Venue Decl. Ex. I ¶ 135(h) *with* Marcus Remand Decl. Ex. A ¶ 66(c); Ex. C ¶ 68(b); Ex. E ¶ 68(b). This priority of payment or "waterfall" issue has been briefed and was the subject of discovery in the Nevada Action.

■ In its motion to remand, Pathfinder argues that subject matter jurisdiction does not exist over the instant actions, or that, even if subject matter jurisdiction does exist, mandatory or permissive abstention warrants remand. The Court is not persuaded.

■ Pursuant to 28 U.S.C. § 1452, a defendant may remove from state court to federal court "any claim or cause of action," so long as the district court has bankruptcy jurisdiction under 28 U.S.C. § 1334. Although "the bankruptcy court's jurisdiction shrinks" after a bankruptcy plan has been confirmed, *In re Gen. Media, Inc.,* 335 B.R. 66, 73 (Bankr.S.D.N.Y. 2005), Section 1334 itself does not expressly limit a bankruptcy court's jurisdiction following plan confirmation. Instead, in determining whether a bankruptcy court has retained post-confirmation jurisdiction, courts look to whether (1) the matter has a "close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution or administration of the confirmed plan;" and (2) the bankruptcy plan "provide[s] for the retention of jurisdiction over the dispute." *In re Kassover,* 336 B.R. 74, 79 (Bankr.S.D.N.Y.2006). Both of these requirements for post-confirmation jurisdiction are satisfied here.

As to the first requirement, the instant actions clearly share a "close nexus" with the Nevada action. Both the Chapter 11 Plan and the Sale and Confirmation Order set forth Compass's obligations to collect prepaid interest from lenders and deposit these sums into a trust created by the Plan. Weaver Venue Decl. Ex. G at 52; Ex. F at 15 ¶ 47. These provisions are at issue in both the instant actions and the Nevada Action, and resolution of the "waterfall" issue raised in these actions could impact the amount of interest that will be paid to the trust and made available to the creditors. Moreover, the claims at issue here are substantially identical to those

raised in the Nevada Action, and the remedies sought by Pathfinder in the instant actions already have been raised in the Nevada Action with respect to the same loans at issue here. Indeed, the relief sought by Pathfinder in the instant actions has the potential to run afoul of the injunction issued in the Nevada Action, which protects Compass's rights as loan servicer. In particular, resolution of both the instant actions and the Nevada Action likely will involve interpretations of the Asset Purchase Agreement, the Sale and Confirmation Order, and the Chapter 11 Plan, all of which set forth the various rights and obligations of the parties. All of these factors, in combination, unquestionably demonstrate a "close nexus" between the instant actions and the Nevada Action. *See In re Petrie, Retail, Inc.*, 304 F.3d 223, 229–31 (2d Cir.2002) (affirming bankruptcy court's exercise of post-confirmation subject matter jurisdiction over a dispute between non-debtor third parties, where the dispute was based on "rights established in the sale order," the defendant sought to enforce an injunction issued as part of the sale and confirmation orders, and the dispute "involved an issue already before the bankruptcy court").

As to the second requirement for post-confirmation jurisdiction, *viz.*, that the bankruptcy plan provide for the retention of jurisdiction over the dispute, the Chapter 11 Plan expressly states that, notwithstanding the entry of the Sale and Confirmation Order, the Bankruptcy Court will retain jurisdiction to "[h]ear[ ] and determin[e] all matters related to the transfer of the Acquired Assets to the Asset Purchaser," as well as "all matters related to the Loan Servicing Agreements" to the extent such matters arise out of and relate to the Nevada Bankruptcy Action. Weaver Venue Decl. Ex. G at 78–79. The Sale and Confirmation Order likewise notes that the Bankruptcy Court will retain sub-

ject matter jurisdiction as set forth in the Plan. *See id.* Ex. F at 8 ¶ 23. Accordingly, with the two requirements for post-confirmation jurisdiction satisfied, the Court finds that Compass has met its burden of establishing subject matter jurisdiction.

Pathfinder next argues that even if subject matter jurisdiction exists, mandatory abstention applies. The Court disagrees. It is well-established that a party seeking mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) must demonstrate that (1) its motion was timely brought; (2) the action is based on a state law claim; (3) the action involves "non-core," as opposed to "core," bankruptcy claims; (4) there is no independent basis for federal jurisdiction; (5) the action was commenced in state court; and (6) the action can be "timely adjudicated" in state court. 28 U.S.C. 1334(c)(2); *Certain Underwriters at Lloyd's v. ABB Lummus Global, Inc.*, 337 B.R. 22, 26 (S.D.N.Y.2005). "A party is not entitled to mandatory abstention if it fails to prove any one of the statutory requirements." *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 331 (S.D.N.Y.2003).

■ Here, mandatory abstention is unwarranted because Pathfinder has failed to meet its burden of proving that the instant actions can be "timely adjudicated" in New York state court. As noted, the instant actions involve questions relating to Compass's rights and obligations that are substantially similar to questions already raised in the Nevada Action. Resolution of these and other questions in New York Supreme Court would require coordination with the Nevada District Court and, given the similarity of the actions, could raise complicated collateral estoppel issues. Moreover, in contrast to the New York Supreme Court, which has no familiarity with the instant actions, the Nevada Action

has been pending for more than a year, the Nevada District Court is already familiar with many of the facts and law at issue, and Judge Jones is currently evaluating a proposed class action settlement that could significantly impact the instant actions. Indeed, given the procedural posture of the Nevada Action, and the potential impact of a mandatory class action settlement, the prospect of a timely adjudication of the instant actions in New York state court is, at best, speculative.

Pathfinder fails to offer any concrete evidence to support its bald assertion that the instant actions "can and will be timely adjudicated in State Court." Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Remand at 17. Tellingly, Pathfinder declined to commence these actions in the commercial division of New York Supreme Court, which was established to provide "efficient, expeditious, sound and inexpensive adjudication" of complex commercial matters. *Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.*, 277 B.R. 5, 13 (S.D.N.Y. 2002) (citations omitted). And even that court has come to experience the kinds of delay that federal courts have been able, through their smaller dockets, to avoid. *See id.* Given the close connection between the instant actions and the Nevada Action, "to remand here would simply complicate and slow down the resolution of [the Nevada Action], as well as of the matters already pending before this Court". *In re Global Crossing, Ltd. Sec. Litig.*, 311 B.R. 345, 349 (S.D.N.Y.2003).

█ Permissive abstention is likewise inappropriate here. Pursuant to 28 U.S.C. § 1452(b), a court may remand any claim or cause of action on any equitable ground, and, pursuant to 28 U.S.C. § 1334(c)(1), a court may abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law." Under both provisions, the factors that courts consider when determining whether to exercise permissive abstention include "(1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants." *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y.1991). Courts must be "sparing" in their exercise of permissive abstention, *Winstar Holdings, LLC v. Blackstone Group L.P.*, No. 07 Civ. 4634, 2007 WL 4323003, *5, 2007 U.S. Dist. LEXIS 90482, at *16 (S.D.N.Y. Dec. 10, 2007), and "may abstain only for a few 'extraordinary and narrow exceptions.' " *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. at 332 (citation omitted).

Here, as noted, certain efficiencies inevitably will result from having one court decide identical or similar issues involving the same parties. *See Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, No. 03–7248, 2004 WL 224505, at *5 (S.D.N.Y. Feb.5, 2004). Further, although the instant actions only involve state law claims, there is no indication that these claims are in any way novel or that they "involve arcane or idiosyncratic provisions of state law that would 'warrant abstention based on comity concerns.' " *Kirschner v. Bennett*, 07 Civ. 8165, 2008 WL 1990669, 2008 U.S. Dist. LEXIS 37214 (S.D.N.Y. May 6, 2008) (citation omitted). Because the instant actions were removed to federal court within weeks of filing, see Marcus Remand Decl. ¶¶ 2–4, New York state courts, unlike the Nevada District Court, are unfamiliar with the relevant factual and legal issues. In-

deed, in light of the close connection between the instant actions and the Nevada Action, "it is beyond cavil that judicial economy and efficiency are best served by exercising the jurisdiction that so clearly exists." *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. at 333.

Accordingly, for the foregoing reasons, Pathfinder's motion for remand must be denied.

■ Turning to Compass's motion to transfer these actions to the District of Nevada, the Court agrees with Compass that such a transfer is warranted. In the interest of justice and for the convenience of the parties, a district court may transfer any civil action to any other district where that action might have been brought. 28 U.S.C. § 1404(a). In deciding a motion to transfer venue, courts commonly consider factors such as: (1) the plaintiff's choice of forum; (2) the locus of operative facts; (3) the location, convenience, and relative means of the parties; (4) the convenience of witnesses; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the location of physical evidence; (7) the relative familiarity of the court with the applicable law; and (8) interests of justice, including trial efficiency. *See, e.g., In re Northwest Airlines Corp.*, 384 B.R. 51, 60 (S.D.N.Y.2008). "District courts have broad discretion in making determinations of convenience … and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir.2006).

■ Although a plaintiff's choice of forum is normally given substantial weight, *Toy Biz v. Centuri Corp.*, 990 F.Supp. 328, 330 (S.D.N.Y.1998), it is well-established "that the existence of a related action pending in the transferee court weights heavily towards transfer." *APA Excelsior III L.P. v. Premiere Techs., Inc.*, 49

F.Supp.2d 664, 668 (S.D.N.Y.1999). As already noted, the claims at issue in the instant actions and the Nevada Action are substantially the same, and the Nevada District Court already is intimately familiar with the relevant facts and law. Given the close nexus between the instant actions and the Nevada Action, transfer not only would avoid duplicative litigation, thus saving time and expense for both parties and witnesses, but also would avoid potentially inconsistent results. *See Wyndham Associates v. Bintliff*, 398 F.2d 614, 619 (2d Cir.1968). Indeed, the strong interest in judicial economy, timeliness, and fairness clearly weighs in favor of transfer, particularly because the Nevada Action is well underway and a proposed class action settlement is being closely evaluated for reasonableness.

Moreover, many of the operative facts in the instant actions relate to Nevada, thus further weighing in favor of transfer: the debtor filed for bankruptcy in Nevada; Compass acquired its loan servicing rights pursuant to the Nevada Bankruptcy Action; the instant actions require interpretation of the Chapter 11 Plan, the Sale and Confirmation Order, and the Asset Purchase Agreement, each of which touches and concerns Nevada; and the relevant Loan Servicing Agreements and the Asset Purchase Agreement are expressly governed by Nevada law. *See* Weaver Venue Decl. Ex. D at § 11.11; Ex. E at ¶ 13.

Pathfinder and Compass each offer competing arguments for why the remaining factors weigh against or in favor of transfer. The Court has considered these arguments and finds that the remaining factors either cut in favor of transfer, or are, at most, neutral as between the two Districts here being considered.

Accordingly, for the foregoing reasons, the Court grants Compass's motion to

transfer. The Clerk of the Court is directed to transfer the above-captioned actions to the District of Nevada, with suggestion that they be referred to Judge Jones, and to close document numbers 8 and 13 on the Court's docket for case number 08 Civ. 5258, document numbers 6 and 12 on the Court's docket for case number 08 Civ. 5297, and document numbers 7 and 12 on the Court's docket for case number 08 Civ. 5298.

SO ORDERED.