RENDERED:  DECEMBER 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1541-MR

WAYNE COLEMAN; BOB BENTLEY
D/B/A BOB BENTLEY TRUCKING;
KDC TRANSPORT, LLC; RONNIE
LONG TRUCKING, INC.; AND
TATER TRUCKING, LLC                                  APPELLANTS


|  | APPEAL FROM PIKE CIRCUIT COURT |
|---|---|
| v. | HONORABLE EDDY COLEMAN, JUDGE |
|  | ACTION NO. 20-CI-00985 |


PRISTINE CLEAN ENERGY, LLC
AND VIRGIE CLEAN ENERGY, LLC                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

ACREE, JUDGE:  Appellants appeal the Pike Circuit Court's order dismissing

their lawsuit for lack of subject matter jurisdiction.  For the following reasons, we

affirm the circuit court's order.

Appellants are truckers who hauled coal for the Cambrian Coal Company (Cambrian) until June 16, 2019 when Cambrian filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Kentucky. After Cambrian filed for bankruptcy, the truckers agreed to continue hauling coal for 90 days with payment coming from Cambrian's estate. The purpose of this contract was to maintain Cambrian's coaling operations. Subsequently, Appellee, Pristine Clean Energy, LLC (Pristine), purchased Cambrian's assets through an Asset Purchase Agreement (APA) which the bankruptcy court approved and adopted into an order. It is undisputed that Pristine assumed Cambrian's liability to pay the Appellants for their work.

What is in dispute is whether the APA required the Appellants to make an administrative filing with the bankruptcy court to receive payment. Pristine alleges the Appellants had until October 18, 2019, a deadline set by the bankruptcy court, to make their administrative filing and receive payment. Pristine claims the Appellants did not make this filing, and, to their point, there is no evidence Appellants ever filed or attempted to make this filing. After the period for administrative filings passed, Appellants filed suit against Pristine in Pike Circuit Court to recover for their unpaid labor.

Appellants argued Pristine assumed liability for Cambrian's debt under Section 2.3 of the APA–an undisputed fact. Under Section 2.3, Pristine

assumed all liabilities Cambrian incurred after Cambrian filed bankruptcy, which would include the debt Cambrian owed Appellants. (Record (R.) 55.) In response to this suit, Pristine argued the circuit court did not have subject matter jurisdiction to hear this case because of Paragraph 36 of the APA–a retention of jurisdiction clause. Under Paragraph 36, the bankruptcy court retained "exclusive jurisdiction to: (a) interpret, implement and enforce the terms and provisions of this Order and the APAs, . . . and (b) to decide any disputes concerning this Order and the APAs, or the rights and duties of the parties . . . ." (R. 27-28.)[1] The circuit court agreed with Pristine and dismissed this case because Paragraph 36 took jurisdiction away from state courts.

The question on appeal is whether the circuit court had subject matter jurisdiction to hear Appellants' claims. Additionally, we must determine if the Appellants' claims are administrative claims or, alternatively, if they are "related to" Cambrian's bankruptcy estate. This is because we must also determine if the bankruptcy court retained jurisdiction to hear matters concerning the APA in the APA's retention of jurisdiction clause. Pristine alleges, and the APA claims, the bankruptcy court maintains *exclusive* jurisdiction over matters concerning the APA. Consequently, we will start our analysis there.

---

[1] This is the typical language found in a retention of jurisdiction clause. *See Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 664 (1st Cir. 2017).

Like nearly all federal courts, bankruptcy courts receive jurisdictional powers to hear cases from statutes. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S. Ct. 1493, 1498, 131 L. Ed. 2d 403 (1995). "A court cannot write its own jurisdictional ticket." *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 164 (7th Cir. 1994). Unfortunately for us, "bankruptcy jurisdiction [is] among the most misunderstood and misapplied concepts in the law." *In re Harstad*, 155 B.R. 500, 505 (Bkrtcy. D. Minn. 1993).

For our purposes here, bankruptcy courts derive their jurisdictional power from 28 U.S.C.[2] § 1334. Under 28 U.S.C. § 1334(b), bankruptcy courts have "original *but not exclusive jurisdiction* of all civil proceedings arising under title 11, or arising in or related to cases under title 11." (Emphasis added.) Thus, 28 U.S.C. § 1334 demarcates a bankruptcy court's power to retain jurisdiction to those matters "based on the 'arising under,' 'arising in,' or 'related to' language of [28 U.S.C. §] 1334(b) . . . ." *Celotex*, 514 U.S. at 307, 115 S. Ct. at 1498; 28 U.S.C. § 1334(b). Notably, 28 U.S.C. § 1334 gives no exclusive jurisdiction to bankruptcy courts. Nevertheless, of the three above-mentioned phrases, "related to" claims appear to be used as a catchall category.[3] In the Sixth Circuit, a

---

[2] United States Code.

[3] Despite this, the majority of federal courts "reject the notion that bankruptcy courts have 'related to' jurisdiction over third-party actions," *In re Zale Corp.*, 62 F.3d 746, 753 (5th Cir. 1995), because "a bankruptcy court's 'related to' jurisdiction cannot be limitless." *Celotex*, 514 U.S. at 308, 115 S. Ct. at 1499.

bankruptcy proceeding "relates to" a matter when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Wolverine Radio Co.*, 930 F.2d 1132, 1142 (6th Cir. 1991); *accord Celotex*, 514 U.S. at 308 n.6, 115 S. Ct. at 1404 n.6.

The Supreme Court of Alabama determined an APA's retention of jurisdiction clause gave exclusive jurisdiction to bankruptcy courts. It determined its state's courts did not have subject matter jurisdiction over claims of civil conspiracy and tortious interference where a bankruptcy court retained exclusive jurisdiction of all disputes arising from the APA. *Phillips v. Dickey*, 47 So.3d 222 (Ala. 2009). The court reasoned, "[b]ecause the bankruptcy court retained jurisdiction, the courts of this State lack jurisdiction." *Id.* at 227. The Supreme Court of Alabama relied on numerous cases where courts deferred jurisdiction to a bankruptcy court. *Id.* A New York trial court stated, "Where jurisdiction is expressly retained by the bankruptcy court, it should be construed as exclusive jurisdiction . . . ." *Wollman v. Jocar Realty Co.*, 19 A.D.3d 210, 211, 799 N.Y.S.2d 17, 18 (N.Y.A.D. 1 Dep't 2005); *see Phillips*, 47 So.3d at 227. Similarly, the Fifth Circuit stated, "it has always been the law that the rule which operates to prevent unseemly conflicts between state and federal equity courts, that that which first acquires jurisdiction of a res retains possession of it[.]" *Bryan v. Speakman*, 53 F.2d 463, 465 (5th Cir. 1931); *see Phillips*, 47 So.3d at 227.

Unfortunately, it does not appear that Alabama's approach is followed by federal courts reviewing retention of jurisdiction clauses.

Contrary to Alabama's interpretation, the First Circuit, in *Gupta*, solely utilized the "arise under," "arise in," or are "related to" language of 28 U.S.C. § 1334 to determine if a federal district court had jurisdiction to hear claims from former employees of a hospital against the purchasers of the hospital. 858 F.3d at 664; 28 U.S.C. § 1334. The claims at issue involved third parties to a bankruptcy proceeding seeking post-confirmation claims for severance pay, and similarly to the case *sub judice*, a federal bankruptcy court ordered an APA with a retention of jurisdiction clause. *Id.* at 659.

In reviewing the retention of jurisdiction clause, the First Circuit did not give conclusive effect to that clause in the APA. Instead, the First Circuit relied on language from the Third Circuit to guide their treatment of the clause: "If there is no jurisdiction under 28 U.S.C. § 1334[,] . . . retention of jurisdiction provisions in a plan of reorganization or trust agreement are fundamentally irrelevant." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3rd Cir. 2004); *see also In re Thickstun Bros. Equip. Co.*, 344 B.R. 515, 521-22 (6th Cir. B.A.P. 2006) ("Retention of jurisdiction provisions . . . do not alter the overall scope of the bankruptcy court's post-confirmation jurisdiction."); *Zerand-Bernal*, 23 F.3d at 164 ("[O]rders approving [a] bankruptcy sale [or] . . . plan of reorganization . . .

[cannot] confer jurisdiction."). The First Circuit did not give conclusive effect to the retention of jurisdiction clause despite "routine inclusion of retention-of-jurisdiction provisions in Chapter 11 plans . . . ." *Gupta*, 858 F.3d at 664.

Ultimately, the First Circuit held the bankruptcy court did not have jurisdiction because the plaintiff's claims had no conceivable effect on the bankruptcy estate and, thus, the plaintiff's claims did not arise under 28 U.S.C. § 1334. *Gupta*, 858 F.3d at 664-66. The First Circuit reached this conclusion because "a bankruptcy court may not 'retain' jurisdiction it never had . . . ." *Id.* at 663; *see also Celotex*, 514 U.S. at 307, 115 S. Ct. at 1498. As a result, "[a] retention of jurisdiction provision may not alter the fact that 'the source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 . . . ." *Gupta*, 858 F.3d at 663-64 (quoting *In re U.S. Brass Corp.*, 301 F.3d 296, 303 (5th Cir. 2002)). Therefore, "[r]etention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction." *Resorts Int'l*, 372 F.3d at 161.

Thus, we can only surmise that a retention of jurisdiction clause is neither conclusive, nor controlling when determining if a federal court lacks subject matter jurisdiction concerning bankruptcy matters. Consequently, we do not believe the retention of jurisdiction clause can be used to give jurisdiction to

the bankruptcy courts without first determining if the bankruptcy court would have jurisdiction under 28 U.S.C. § 1334.

With this in mind, we must now turn to administrative claims and whether the trucker's claims are administrative. "[T]he Bankruptcy Code defines administrative expenses incurred during the pendency of the bankruptcy and payable by the debtor as the 'actual, necessary costs and expenses of preserving the estate.'" *In re Eagle-Picher Indus.*, 447 F.3d 461, 464 (6th Cir. 2006); *see also* 11 U.S.C. § 503(b)(1). "[A] debt qualifies as an 'actual, necessary' administrative expense only if (1) it arose from a transaction with the bankruptcy estate and (2) directly and substantially benefitted the estate." *In re Sunarhauserman, Inc.*, 126 F.3d 811, 816 (6th Cir. 1997). Generally, a breach of contract claim falls within the category of administrative expenses if the contract maintained the estate. *Eagle-Picher*, 447 F.3d at 464 (citing *United Trucker Serv. v. Trailer Rental Co.*, 851 F.2d 159, 162-63 (6th Cir. 1998)).

This is similar to the "conceivable effect" language used to determine if a matter is related to a bankruptcy proceeding. We are unsure if the circuit court's use of the conceivable effect analysis is correct in the context of administrative claims. Nevertheless, it makes no difference to the outcome of the case *sub judice*. A claim has no conceivable effect on the bankruptcy estate when the proceeds of the claim would not be paid out from the bankruptcy estate. *In re*

-8-

*Zale Corp.*, 62 F.3d at 759. This is not true here. The circuit court found the claims here conceivably influenced the bankruptcy proceedings because the bankruptcy estate substantially benefitted from the Appellants' hauling coal for the additional time after Cambrian filed bankruptcy. We agree.

The claims at issue would be paid directly out of the bankruptcy estate and Pristine would be liable for those claims because Pristine assumed liability of Cambrian's post-bankruptcy liabilities. Because the debt would be settled out of the bankruptcy estate, the claims have a conceivable effect on the bankruptcy estate. Thus, the circuit court did not err when it decided the claims were related to Cambrian's bankruptcy proceedings. On the other side of this coin, because the Appellants' actions were for the benefit of the bankruptcy estate, namely to preserve Cambrian's coal expeditions, the debt owed to them should be characterized as an administrative cost. The bankruptcy court established a deadline for filing claims and the Appellants did not make a filing for their administrative costs. Regardless of the path of analysis taken, the bankruptcy court has jurisdiction over the Appellants' claims. Because the bankruptcy court retained jurisdiction over such claims and jurisdiction exists under 28 U.S.C. § 1334, we can give effect to the APA's retention of jurisdiction clause here.

Therefore, Appellants' remedy would be available in bankruptcy court and not in state court. The Pike Circuit Court would not have jurisdiction to hear

the Appellants' claims because 28 U.S.C. § 1334 gives original jurisdiction to the federal bankruptcy courts. Accordingly, Kentucky courts do not have jurisdiction to hear the claims brought.

For the reasons stated above, the Pike Circuit Court correctly determined it lacked subject matter jurisdiction to hear the Appellants' claims. For the foregoing reasons, we affirm.

ALL CONCUR.


BRIEF FOR APPELLANTS:

Lawrence R. Webster
Pikeville, Kentucky

BRIEF FOR APPELLEE:

Billy R. Shelton
Jordan W. Morgan
Lexington, Kentucky